IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

VANTINE ALFONSO MARTIN,    )
    )
    Petitioner,    )
    )
    )    CIV-08-1328-F
    )
    )
ERIC FRANKLIN, Warden,    )
    )
    Respondent.    )

SUPPLEMENTAL REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging his conviction for Manslaughter in the First Degree entered in the District Court of Jackson County, Oklahoma, in Case No. CF-2003-203.[1]   Respondent has moved to dismiss the Petition on the ground that it is barred by operation of 28 U.S.C. § 2244(d)(1), and Petitioner has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the following reasons, it

---

[1]Although Petitioner states that he is also challenging a conviction for the misdemeanor offense of Resisting an Officer entered in the District Court of Jackson County, Oklahoma, in Case No. CF-2003-185, Petitioner is no longer in custody with respect to this conviction, for which he was sentenced on February 5, 2004, to a 130-day term of imprisonment. http://www.doc.state.ok.us (offender search for Vantine Martin accessed March 5, 2009).  Therefore, the Petition is construed to assert a challenge only to the manslaughter conviction.

1

is recommended that the Petition be dismissed as it is time-barred.

According to factual findings made by the District Court of Jackson County and the Oklahoma Court of Criminal Appeals ("OCCA") in post-conviction proceedings brought by Petitioner, Petitioner was charged with the offense of Murder in the First Degree in Case No. CF-2003-203. Pursuant to a plea agreement, the prosecution filed an Amended Information charging Petitioner with the lesser-included offense of Manslaughter in the First Degree. On February 5, 2004, Petitioner entered a guilty plea to the offense charged in the Amended Information. Petitioner was convicted of this offense and sentenced to serve a thirty-five year term of imprisonment. Petitioner did not seek to withdraw this plea or otherwise appeal the conviction. Brief in Support of Motion to Dismiss, Exs. 6, 8.

On February 7, 2005, Petitioner filed a motion for judicial review of his sentence pursuant to Okla. Stat. tit. 22, § 982a. In this motion, Petitioner sought a reduction of his sentence based on "mitigat[ing] circumstances," including his age at the time of the offense, his expression of remorse at his sentencing, his history of limited education and drug use, and his behavior while incarcerated. Brief in Support of Motion to Dismiss, Ex. 2 (att.). In February 2007, Petitioner applied for a writ of mandamus in the Oklahoma Court of Criminal Appeals ("OCCA") and asserted that he had not received notice of the resolution of his motion for judicial review. Brief in Support of Motion to Dismiss, Ex. 2. On May 3, 2007, the OCCA entered an Order Dismissing Petition for Writ of Mandamus, in which the OCCA found the district court order denying Petitioner's motion for judicial review was dated May 18, 2005, filed in the district court, and mailed to Petitioner on May 19, 2005, and therefore

his mandamus petition was moot.  On July 25, 2007, the OCCA entered an Order Dismissing Petition in Error in <u>Martin v. State</u>, No. PC-2007-499.  The appellate court found Petitioner was not entitled to appeal the denial of his motion for judicial review, and the court declined to construe the motion as an application for post-conviction relief. Brief in Support of Motion to Dismiss, Ex. 4.

On July 24, 2007, Petitioner filed an application in the District Court of Jackson County seeking post-conviction relief with respect to his conviction in Case No. CF-2003-203, and the district court denied the application due to Petitioner's failure to appeal the conviction. Brief in Support of Motion to Dismiss, Ex. 6 (Order Denying Application for Post-Conviction Relief Appeal Out-of-Time, filed December 14, 2007, in the District Court of Jackson County).  Petitioner appealed this decision.  In his appellate brief, Petitioner admitted that he was advised at sentencing of the ten-day period for moving to withdraw his guilty plea and that he had not timely moved to withdraw his plea, although he alleged that he had been "led to believe that counsel would file the necessary papers needed filing [sic] to protect his rights."  Brief in Support of Motion to Dismiss, Ex. 7, at 3.  The OCCA affirmed the denial of post-conviction relief based on Petitioner's procedural default of his right to appeal. Brief in Support of Motion to Dismiss, Ex. 8 (Order Affirming Denial of Application for Post-Conviction Relief, filed April 2, 2008, in the OCCA).

Petitioner now seeks federal habeas relief.  In ground one of the Petition, Petitioner asserts that he was denied due process and equal protection because the state district court failed to hold a hearing in his post-conviction proceeding to determine whether he "was in

3

fact unaware of his rights, and whether counsel of record was ineffective in advising Petitioner and in preserving Petitioner's rights ...." In his second ground for habeas relief, Petitioner contends that he was denied his Sixth Amendment right to effective assistance of counsel in connection with the entry of his guilty plea. In ground three, Petitioner contends that his plea was involuntarily entered because he was not advised of the Oklahoma law requiring him to serve 85 % of his sentence for the first degree manslaughter conviction before he becomes eligible for parole.

Respondent asserts in his Motion to Dismiss the Petition that review of the Petition is barred by the expiration of the 28 U.S.C. § 2244(d)(1) limitations period governing the filing of the Petition. In Petitioner's responsive pleading, Petitioner does not dispute Respondent's assertion that the one-year statute of limitations prescribed in 28 U.S.C. §2244(d)(1)(A) has expired. Petitioner contends, however, that equitable grounds exist for extending the limitations period.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, establishes a one-year period of limitation on the filing of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. §2244(d)(1)(A), the one-year period of limitation begins to run from

"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2]  The one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2).  Additionally, the one-year limitations period may in rare and extraordinary circumstances "be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998).

Petitioner pled guilty in the previously-described criminal case on February 5, 2004. Because Petitioner did not file a motion to withdraw the plea or seek to appeal the plea-based conviction, the conviction became "final" under 28 U.S.C. §2244(d)(1)(A) on February 15, 2004, ten days after the pronouncement of the judgment and sentence.  See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch.

---

[2]Petitioner has not demonstrated that one of the alternative methods set forth in 28 U.S.C. § 2244(d)(1) for determining the limitations period is applicable. Petitioner's assertion that 28 U.S.C. § 2244(d)(1)(B) should determine the date on which the one-year filing limitations period began is unavailing. This alternative method applies to establish the beginning of the limitations period under circumstances in which the habeas petitioner has shown an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States...." Petitioner's disjointed argument is that his defense counsel created an impediment to his timely filing of a habeas petition because counsel failed to comply with the "duty to file all jurisdictional documents required to be filed in the trial court to protect Petitioner's rights." Petitioner cites Baker v. Kaiser, 929 F.2d 1495 (10th Cir. 1991), in support of this argument.  The issue before the circuit court in Baker involved a criminal defendant's constitutional right to counsel "between the conclusion of trial proceedings and the date by which a defendant must perfect an appeal." Baker, 929 F.2d at 1498-1499. Because Petitioner entered a guilty plea, Baker is inapplicable. Although Petitioner also cites 28 U.S.C. § 2244(d)(1)(D) in his responsive pleading, Petitioner does not make a cogent argument supporting the application of this alternative method for determining the one-year limitations period.

18, App.  Pursuant to 28 U.S.C. § 2244(d)(1)(A), the limitations period applicable to the Petitioner's filing of a federal habeas petition expired one year later, on February 15, 2005, absent statutory or equitable tolling exceptions.

Petitioner's motion for judicial review filed in the state district court in February 2005 does not constitute an application for post-conviction relief under 28 U.S.C. § 2244(d)(2) and does not toll the limitation period. See Bohon v. Oklahoma, 2008 WL 904727, * 2 n. 1 (10th Cir. Apr. 3, 2008)(unpublished op.), cert. denied, __ U.S. __, 129 S. Ct. 398 (2008); Heinken v. Higgens, 175 Fed. Appx. 986, 988 n. 2, 2006 WL 979310 (10th Cir. 2006)(unpublished op.)(recognizing Okla. Stat. tit. 22, § 982a "motions seek discretionary review, their denial is not appealable, and they therefore do not constitute post-conviction proceedings for purposes of tolling the one-year limitations period").  Petitioner's post-conviction application filed in July 2007 does not toll the one-year limitations period because it was not filed until after the limitations period had expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001)("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until [the one-year limitations period had already expired].", cert. denied, 535 U.S. 1034 (2002).

Moreover, Petitioner has not shown that any extraordinary circumstances excuse his failure to timely file his federal habeas Petition. "Generally, equitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)(quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)).  See United

States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008)(circumstances sufficient to equitably toll limitation period may arise when petitioner "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"). Extraordinary circumstances that warrant equitable tolling of the limitation period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period," but equitable tolling is not appropriate in circumstances amounting to "excusable neglect." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Petitioner contends that he diligently pursued his claims by seeking to have his sentence modified in a motion for judicial review. However, this motion did not collaterally challenge Petitioner's conviction. Rather, Petitioner acknowledged in his motion for judicial review that he was seeking only to have his sentence modified pursuant to Okla. Stat. tit. 22, § 982a due to his actions and behavior following sentencing and other mitigating circumstances, including his remorse for the crime and his background. Petitioner did not seek post-conviction relief in the state courts until July 2007, over two years after his conviction became final, and he has not provided a rational explanation for this lengthy delay in asserting the same claims he now raises in his habeas Petition. Petitioner has therefore failed to show that he diligently pursued his federal claims.

Petitioner has also failed to demonstrate extraordinary circumstances beyond his control that prevented him from pursuing his habeas claims.  He asserts that his defense counsel provided constitutionally ineffective assistance of counsel by "fail[ing] to file the motion for judicial review as promised during the sentencing hearing ..."  However, Petitioner filed the motion for judicial review, and the merits of the motion were addressed and rejected by the district court.  Thus, his defense counsel's lack of assistance in filing the motion for judicial review did not present an extraordinary circumstance preventing the timely filing of a federal habeas petition.

Petitioner also contends as a basis for equitably tolling the limitations period that his defense "counsel had a duty to file the application-motion to withdraw the plea," although he provides no supporting facts for this allegation.   Petitioner, however, waited more than two years after his sentencing to file a post-conviction application, and he does not explain how his defense counsel's conduct prevented the timely filing of his habeas Petition.  Although the Tenth Circuit Court of Appeals has held that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period," Fleming v. Evans, 481 F.3d 1249, 1256 (10th Cir. 2007), Petitioner clearly states that he had no contact with his defense counsel after sentencing.  He has therefore not demonstrated facts showing the extraordinary circumstances required for equitable tolling on the basis of his defense counsel's conduct.  Petitioner provides no other grounds for equitably tolling the limitations period, and he has not shown that extraordinary circumstances caused the untimely filing of his Petition.  Consequently, the Petition is time-

barred and should be dismissed on this basis.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as time-barred.  The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___March 26th___ , 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___6th___ day of ___March___, 2009.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE